UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **ROBERT F. BRUCE** | **CASE NO.  1:23-CV-01110** |
| **VERSUS** | **JUDGE EDWARDS** |
| **ACA RESIDENTIAL, L.L.C. ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

**MEMORANDUM ORDER**

Before the Court is Robin Hooter's ("Ms. Hooter") Motion to Dismiss[1] and Re-urged Motion to Dismiss.[2] Ms. Hooter seeks to dismiss Robert Bruce's ("Plaintiff") claims against her for insufficient service of process pursuant to Rule 12(b)(5) the Federal Rules of Civil Procedure.[3] If not dismissed under Rule 12(b)(5), Ms. Hooter seeks dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In the alternative, Ms. Hooter moves for a more definite statement under Rule 12(e). Plaintiff, proceeding *pro se,* opposes the original Motion to Dismiss and the Re-urged Motion to Dismiss.[4]

**I.     BACKGROUND**

Plaintiff filed suit in this Court on August 16, 2023.[5] This suit arises from an incident where Plaintiff alleges ACA Residential, L.L.C. ("ACA") damaged Plaintiff's property, and Micheal Franklin ("Mr. Franklin"), an employee of ACA, made threats of bodily harm against Plaintiff.[6] In his Original Complaint, Plaintiff also sued Joy Till, another employee of ACA, and alleges damage to his eyes and heart, emotional stress, and violations of his rights under the American with

---

[1] ECF No. 32.
[2] ECF No. 55.
[3] *Id*.
[4] ECF No. 34; ECF No. 58.
[5] ECF No. 1.
[6] *Id*.

Disabilities Act[7] as well as the First, Fourth, Sixth, Seventh, and Fourteenth Amendments of the United States Constitution.[8]

Before filing in this Court, Plaintiff brought an action against ACA in the Justice of the Peace Court for the Parish of Rapides.[9] It appears a judgment was rendered in favor of Mr. Bruce on June 6, 2023, which ACA appealed to the Ninth Judicial District Court.[10] The matter was tried *de novo* before the Ninth Judicial District Court, and on September 26, 2023, judgment was rendered in favor of ACA vacating the judgment from the Justice of the Peace.[11] Following the judgment against him in the Ninth Judicial District Court, Plaintiff filed his First Amended Complaint in this Court, adding the Ninth Judicial District Court and Ms. Hooter, the Rapides Parish Clerk of Court, as defendants.[12] On July 16, 2024, Plaintiff filed a Second Amended Complaint in this Court adding Spencer Gardner, Barry Brown, Carrie Prestridge, and Old Republic Insurance Co. as defendants.[13] Ms. Hooter's original Motion to Dismiss[14] addresses the First Amended Complaint[15] while her Re-urged Motion to Dismiss[16] addresses the Second Amended Complaint.[17]

---

[7] 42 U.S.C. § 12112(a).
[8] ECF No. 1.
[9] ECF No. 32-8.
[10] *Id*. The Ninth Judicial District Court judgment vacates the Justice of the Peace Court judgment but does not explicitly state who that judgment was in favor of.
[11] *Id*.
[12] ECF No. 25.
[13] ECF No. 48.
[14] ECF No. 32.
[15] ECF No. 25.
[16] ECF No. 55
[17] ECF No. 48. The Re-urged Motion to Dismiss (ECF No. 55) adopts the arguments from her original Motion to Dismiss.

## II. PLAINTIFF'S SERVICE OF PROCESS UPON MS. HOOTER WAS INSUFFICIENT.

Ms. Hooter alleges in her Motion to Dismiss that "[Plaintiff] and/or a friend" hand delivered a copy of the Summons[18] along with a handwritten note to her on November 27, 2023, but she was not given a copy of the First Amended Complaint adding her as a defendant.[19] The note read only "Violation of Constitutional Rights Americans with Disabilities Act (ADA)."[20] Ms. Hooter asserts this service of process was both insufficient and untimely.[21] Specifically, she asserts that Plaintiff failed to serve her with a copy of the First Amended Complaint and that she was served more than ninety (90) days after the Original Complaint was filed.[22] In Plaintiff's opposition, he asserts "Robin Hooter was served on November 27, 2023, at the Rapides Parish Clerk of Court."[23] The Proof of Service[24] filed by Plaintiff is also dated November 27, 2023, and is signed by Richard Wolson. It includes a handwritten note that states "Ms. Robin Hooter refused to accept the paper because [it was] not served by a process server" and "Ms. Robin Hooter refused service so [Mr. Wolson] left it on the counter." [25]

"In the absence of valid service of process, proceedings against a party are void."[26] A party can challenge the method or lack of service by asserting it as a defense by motion under Rule

---

[18] ECF No. 26.
[19] ECF No. 32; ECF No. 32-3. (affidavit). Service of the Second Amended Complaint was accomplished using the court's electronic filing system.
[20] ECF No. 32-5.
[21] ECF No. 32.
[22] *Id*.
[23] ECF No. 34
[24] ECF No. 30.
[25] Ms. Hooter's refusal of service of process could not serve as the basis of her argument for insufficient service. *See Hardin v. Collier*, 2024 WL 604707, at *2 (E.D. Tx. Jan. 24, 2024) (M.J., Stetson) (citing *Slaieh v. Zeineh*, 539 F. Supp.2d 864, 868 (S.D. Miss. 2008)) ("Where a defendant refuses to accept service of process, delivery may be accomplished without placing the documents in the hands of such defendant.").
[26] *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant").

12(b)(5).[27] A motion to dismiss under Rule 12(b)(5) "turns on the legal sufficiency of the service of process."[28] For service to be sufficient, plaintiffs must comply with Rule 4 of the Federal Rules of Civil Procedure.[29] Rule 4(c) of the Federal Rules of Civil Procedure requires "a summons be served with a copy of the complaint" by "any person who is at least 18 years old and not a party" to the action. Further, Rule 4(m) states "If a defendant has not been served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice […] or order the service must be made within a specific time." The ninety-day clock begins once a party has been named as a defendant.[30]

Here, Plaintiff's service of process was insufficient because a copy of the First Amended Complaint adding her as a defendant was not given to Ms. Hooter with the Summons when Plaintiff attempted to serve her on November 27, 2023. A copy of the complaint and the summons must be included for service to be proper. Therefore, service of process was insufficient, and the Court need not address timeliness.

### III. PLAINTIFF FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Ms. Hooter asserts in her Motion to Dismiss that Plaintiff has failed to state a claim upon which relief can be granted because no factual allegations are pleaded against Ms. Hooter.[31] In Plaintiff's opposition, he states in response to the Rule 12(b)(6) motion that he made numerous attempts to address his concerns with employees of the Rapides Parish Clerk of Court, and when

---

[27] Fed. R. Civ. P. 12(b)(5).
[28] *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 1990).
[29] *Lafdi v. Holman*, 2023 WL 5836823, at *1 (N.D. Tx June 22, 2023) [M.J., Toliver] (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).
[30] *See Aguirre v. ISC Constructors, LLC*, 70 F. Supp.3d 766, 777 (E.D. Tx Sept. 30, 2014) ("Once named as a defendant, Rule 4(m) required the plaintiffs to serve [defendant's] registered agent within 120 days") Rule 4(m) was amended in 2015 reducing the time to serve a defendant from 120 days to 90 days.
[31] ECF No. 32-2.; Ms. Hooter adopts the same argument in her Re-urged Motion to Dismiss. ECF No. 55.

he spoke to the attorney for the clerk's office, he was told to sue.[32]  No further facts concerning Ms. Hooter are pled by Plaintiff.

A pleading must contain a "short and plain statement of the claim showing the pleader is entitled to relief."[33] A claim will survive a motion to dismiss if the complaint contains sufficient facts to state a claim that is "plausible on its face."[34] On a motion to dismiss under Rule 12(b)(6), the court must generally accept the allegations of a complaint as true, but courts are not required to accept legal conclusions as facts.[35] Generally, district courts must limit themselves "to the contents of the pleadings" when considering a Rule 12(b)(6) motion.[36]

Here, Plaintiff's allegations against Ms. Hooter are not supported by any pleaded facts. The only mention of any potential claim against Ms. Hooter in Plaintiff's First Amended Complaint is the statement "14th Amendment violations" and his identification of the new defendants.[37] No facts were included describing any incident or occurrence to substantiate any alleged violations of Plaintiff's rights by Ms. Hooter. Furthermore, while the Original Complaint contains facts related to the alleged incident involving ACA at Plaintiff's home, no facts related to Ms. Hooter are included to support any claim against her.[38] Plaintiff's Second Amended Complaint pleads more facts about the alleged incident involving ACA and its employees, but adds no facts regarding Plaintiff's claims against Ms. Hooter.[39] Plaintiff's oppositions to the original Motion to Dismiss and the Re-urged Motion to Dismiss also provide no facts to support the claims that his rights have

---

[32] ECF No. 34
[33] Fed. R. Civ. P. 8(a)(2).
[34] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[35] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678. (2009).
[36] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[37] ECF No. 25.
[38] ECF No. 1.
[39] ECF No. 48

been violated by Ms. Hooter.[40] Therefore, even accepting all nonconclusory allegations as true, no cognizable claim has been stated by Plaintiff against Ms. Hooter.

"Generally, a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend."[41] Here, Plaintiff has had ample opportunity to state a cognizable claim against Ms. Hooter. Since first adding Ms. Hooter as a defendant in his First Amended Complaint, Plaintiff has opposed[42] the Motion to Dismiss[43], filed a Second Amended Complaint[44], and opposed[45] the Re-urged Motion to Dismiss[46]. In none of these filings does Plaintiff provide any factual allegations to support his claims against Ms. Hooter. For that reason, this court finds dismissal with prejudice to be appropriate.

### IV. CONCLUSION

Therefore, **IT IS ORDERED** that the Re-urged Motion to Dismiss[47] is **GRANTED**, and Robert Bruce's claims against Robin Hooter are **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** this 23rd day of July, 2024.

_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[40] ECF No. 34; ECF No. 58
[41] *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).
[42] ECF No. 34.
[43] ECF No. 32.
[44] Plaintiff filed his Second Amended Complaint (ECF No. 48) months after the Motion to Dismiss (ECF No. 55) giving Plaintiff notice of potential deficiencies in his claims against Ms. Hooter.
[45] ECF No. 58
[46] ECF No. 55.
[47] *Id*.