b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT F. BRUCE, Plaintiff | CIVIL DOCKET NO. 1:23-CV-01110 |
| VERSUS | DISTRICT JUDGE EDWARDS |
| A C A RESIDENTIAL, L.L.C., ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### JURISDICTIONAL BRIEFING ORDER

Plaintiff Bruce filed a *pro se* Complaint pursuant to 42 USC § 1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. ECF Nos. 1, 25, 40. The named Defendants are: ACA Residential, L.L.C. ("ACA"); Michael Franklin ("Franklin") (an employee of ACA); Joy Till ("Till") (an employee of ACA); the Louisiana 9th Judicial District Court ("9th JDC"); Robin L. Hooter ("Hooter") (Rapides Parish Clerk of Court); Spencer D. Gardner ("Gardner"); and Old Republic Insurance Company ("Old Republic"). ECF Nos. 1, 25, 40.

Bruce contends these ACA employees damaged his property, and that Franklin threatened to beat him. Bruce took photos of his property damage and reported the incidents to the Rapides Parish Sheriff's Office.

A. **Procedural Background**

Previously, Bruce filed an action against ACA Residential before the Justice of the Peace ("JP") in Rapides Parish Ward 5, District 2. The JP rendered a judgment

– apparently in favor of Bruce[1] – on June 29, 2023.  ECF No. 32-8 at 1.  ACA appealed that judgment to the Louisiana Ninth Judicial District Court, and a trial was scheduled.

Upon receiving notice of the trial, Bruce apparently filed a Notice of Removal.[2]  ECF No. 32-8 at 1.  Bruce also filed this federal lawsuit.  ECF No. 1.  ACA was served on August 24, 2023, and Franklin and Till were served on September 2, 2023.  ECF Nos. 8, 13.

On September 7, 2023, a trial *de novo* was held in the state court proceeding.  Bruce did not appear for that trial, and the district judge noted that Bruce had filed a Notice of Removal, but that the action had not been removed.[3]  On September 7, 2023, the state court trial proceeded without Bruce and, because he did not meet his burden of proof, judgment was rendered dismissing Bruce's claims against ACA.  ECF No. 32-8 at 1.

---

[1] There is no judgment, order, or ruling from the Justice of the Peace in the record.

[2] It is explained in the state court judgment: "The Court also notes that Robert Bruce filed a Notice of Removal in the 9th Judicial District Court.  After reviewing the pleadings filed by Robert Bruce in the Western District of Louisiana the Court finds that this matter has not been removed to Federal Court, and the trial de novo set for September 7, 2023 may be held by the Louisiana 9th Judicial District Court as scheduled."  ECF No. 32-8 at 1.

[3] There is no indication of a removal in the state court record, although the state judge referred to a Notice of Removal.  This Court does not have a Notice of Removal filed by Bruce.  A removal is initiated by first filing a notice of removal in federal court, and then filing a copy of the file-stamped notice of removal in the state court record.  28 U.S.C. § 1446.

ACA, Franklin, and Till then answered this action on September 26, 2023. ECF No. 9.

Hooter and the 9th JDC (who were not named defendants in the state lawsuit) have also been served. ECF No. 29, 30. Hooter filed a Motion to Dismiss or for a More Definite Statement. ECF No. 32.

Summonses were issued for Gardner and Old Republic Insurance (on May 1, 2024) (ECF No. 41), but the service returns have not been filed, and those parties have not made an appearance.

B. <u>Review of Jurisdiction</u>

Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved, or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.[4] *See Exxon Mobil Corp. v. Allapattah Services, Inc.,* 545 U.S. 546, 552 (2005) (citing 28 U.S.C. §§ 1331, 1332).

"In general, questions concerning federal question jurisdiction are resolved by application of the 'well-pleaded complaint' rule." *Hart v. Bayer Corp.*, 199 F.3d 239, 243 (5th Cir. 2000) (citing *Louisville & Nashville Railroad Company v. Mottley,* 211 U.S. 149, 152–53 (1908)). "If, on its face, the plaintiff's complaint raises no issue of federal law, federal question jurisdiction is lacking." *Hart*, 199 F.3d at 243 (citing

---

[4] The record shows there is no diversity jurisdiction because the parties are not completely diverse.

3

*Franchise Tax Board of State of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983)).

The basis of the Court's subject matter jurisdiction is not entirely clear from Bruce's Complaint. The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). This duty persists throughout all phases of the litigation, "even after trial and the entry of final judgment." *Id.* at 506-07.

Bruce filed his Complaint on a § 1983 form, asserting a claim under "the ADA." In support of his apparent claim of federal jurisdiction pursuant to the ADA, Bruce contends he has "severe glaucoma," a prior quadruple bypass, and is legally blind in his left eye. ECF No. 1 at 4. Bruce claims ACA employees destroyed his well, damaged his tree, and threatened him with violence, somehow in violation of the ADA. ECF No. 1 at 4-5. Bruce contends he has suffered physical and emotional injury, as well as property damage. ECF No. 1 at 5. Bruce seeks monetary damages and a jury trial.

It is not enough for a party asserting federal jurisdiction to simply state a basis for federal jurisdiction. "The party seeking to invoke the jurisdiction of the federal court has the burden of proving that jurisdiction exists." *Aetna Casualty & Surety Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986). Bruce does not allege how his rights under the ADA or § 1983 were violated. Bruce has not alleged or shown that ACA,

Franklin, Till, Gardner, or Old Republic Insurance are state actors.[5]  He has not asserted any facts to show specifically how each named Defendant discriminated against him due to a disability, or violated his constitutional rights.[6]  Nor has he asserted how his injuries were caused by discrimination or a constitutional violation.

The existence of federal jurisdiction is in question.  Accordingly,

IT IS ORDERED that, **within 21 days of the date of this Order**, Bruce SHALL FILE an amended complaint that: (1) shows the basis for this Court's subject matter jurisdiction; and (2) asserts a factual basis for his claim against each Defendant.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __23rd__ day of August 2024.

Joseph H.L. Perez-Montes
United States Magistrate Judge

---

[5] Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States.  *See* 42 U.S.C. § 1983.  A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law.  *See Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 930 (1982).  "Purely private conduct, no matter how wrongful, is not within the protective orbit of § 1983." *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948).

[6] The Louisiana 9th Judicial District Court is not a juridical entity capable of being sued. *See Carter v. Sheriff's Office Calcasieu Parish,* 2014 WL 235284, at *3 (W.D. La. 2014); *Benoit v. Iberia City Police Department,* 2013 WL 4017098, at *4 n. 7 (W.D. La. 2013), *aff'd,* 569 Fed. Appx. 215 (5th Cir. 2014); *Moity v. Louisiana State Bar Association*, 414 F. Supp. 180, 182 (E.D. La.), *aff'd,* 537 F.2d 1131 (5th Cir. 1976) (a Louisiana state court is not a "person" amenable to suit under § 1983).