UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **ROBERT F BRUCE** | **CASE NO. 1:23-CV-01110** |
| **VERSUS** | **JUDGE EDWARDS** |
| **ACA RESIDENTIAL LLC ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## MEMORANDUM RULING

Before the Court is a motion for entry of a final judgment under Rule 54(b) filed by defendant Robin Hooter ("Ms. Hooter").[1] Plaintiff Robert Bruce ("Plaintiff") opposes the motion.[2] For the reasons below, the motion is **GRANTED.**

### I. Facts

Plaintiff filed suit in this Court on August 16, 2023.[3] In his original Complaint, Plaintiff alleges that defendant ACA Residential, L.L.C. ("ACA") damaged his property, and Michael Franklin, an employee of ACA, threatened him with bodily harm.[4] He allegedly suffered injuries to his eyes and heart, emotional stress, and violations of his rights under the Americans with Disabilities Act ("ADA") as well as his rights under the First, Fourth, Sixth, Seventh, and Fourteenth Amendments of the United States Constitution.[5]

Before filing suit in this Court, Plaintiff brought an action against ACA in the Justice of the Peace Court for the Parish of Rapides.[6] The Justice of the Peace Court rendered judgment, presumably in favor of Plaintiff, which ACA appealed to the Ninth Judicial District Court for the

---

[1] R. Doc. 69.
[2] R. Doc. 73.
[3] R. Doc. 1.
[4] R. Doc. 1. Plaintiff also named Joy Till, another employee of ACA, as a defendant.
[5] R. Doc. 1. *See also* 42 U.S.C. § 12112(a).
[6] R. Doc. 32-8.

Parish of Rapides.[7] The matter was tried de novo before the Ninth Judicial District Court, and on September 26, 2023, judgment was rendered in favor of ACA vacating the judgment from the Justice of the Peace.[8]

Following the judgment against him in the Ninth Judicial District Court, Plaintiff filed his First Amended Complaint in this Court, adding the Ninth Judicial District Court and Ms. Hooter, the Rapides Parish Clerk of Court, as defendants.[9] In response, Ms. Hooter filed a Motion to Dismiss pursuant to Rule 12(b)(5) and 12(b)(6).[10] Plaintiff then filed a Second Amended Complaint restating similar claims against Ms. Hooter;[11] Ms. Hooter re-urged her earlier Motion to Dismiss in response.[12]

On July 23, 2024, the Court granted Ms. Hooter dismissal with prejudice.[13] Now, Ms. Hooter moves this Court to enter a final judgment pursuant to Fed. R. Civ. P. 54(b) on its earlier dismissal of Plaintiff's claims against her so that she will not have to wait for the final resolution of the Plaintiff's claims against all remaining defendants to find out whether she will remain a dismissed defendant.[14]

**II.     Law and Analysis**

In suits with multiple parties or claims for relief, Rule 54(b) permits a court to enter a final judgment as to one or more, but fewer than all, parties or claims only if the court expressly determines that there is no just reason for delay.[15] "Otherwise, any order or other decision, however

---

[7] R. Doc. 32-8.
[8] R. Doc. 32-8.
[9] R. Doc. 25.
[10] R. Doc. 32.
[11] R. Doc. 48. In the Second Amended Complaint, Plaintiff added Spencer Gardner and Old Republic Insurance Company as defendants.
[12] R. Doc. 55.
[13] R. Doc. 61.
[14] R. Doc. 69-2 at 4.
[15] *See* Fed. R. Civ. P. 54(b).

designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."[16]

A district court deciding whether to enter a final judgment under Rule 54(b) must determine: first, it is dealing with a "judgment," in other words, "a decision upon a cognizable claim for relief[;]" second, that the judgment is "final," in that "it is an ultimate disposition of an individual claim entered in the course of a multiple claims action[;]" and finally, "whether any just reason for delay exists."[17]

The Court finds that the dismissal of Plaintiff's claims against Ms. Hooter constituted a "judgment" for the purposes of Rule 54(b) because it was a decision that Plaintiff failed to state sufficient facts upon which to sustain cognizable claims for violations of his Constitutional rights or his rights under the ADA. The dismissal was "final" as to Ms. Hooter, as envisioned within the scope of Rule 54(b), as it dismissed *all* of Plaintiff's claims against her, while not addressing any of the Plaintiff's claims against the other defendants: ACA Residential, L.L.C., Michael Franklin, Joy Till, the Ninth Judicial District Court, Spencer Gardner and Old Republic Insurance Company.

The language of this Court's dismissal of Plaintiff's claims against Ms. Hooter further indicates its finality. After reviewing the applicable law and the facts, the Court disposed of Plaintiff's claims against Ms. Hooter *with prejudice*.[18] The Court expressly found:

> Plaintiff has had ample opportunity to state a cognizable claim against Ms. Hooter. Since first adding Ms. Hooter as a defendant in his First Amended Complaint, Plaintiff has opposed the Motion to Dismiss, filed a Second Amended Complaint, and opposed the Re-urged Motion to Dismiss. In none of these filings does Plaintiff

---

[16] Fed. R. Civ. P. 54(b).
[17] *See Curtis-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7-8 (1980) (internal quotations omitted).
[18] R. Doc. 61, p.6 (*emphasis added*).

provide any factual allegations to support his claims against Ms. Hooter. For that reason, this court finds dismissal with prejudice to be appropriate.[19]

The Court's "unmistakable intent" to dispose of the individual claims brought against Ms. Hooter is clear.[20]

In his opposition to the instant motion, Plaintiff asserts for the first time, that he was told "the Rapides Parish Clerk of Courts [sic] Office didn't have any computers with a large screen [in] violation of the ADA."[21] However, he further asserts that this was resolved and he was contacted when the large computer monitor was installed.[22] The assertions offered by Plaintiff do not question the finality of the Court's dismissal of his claims against Ms. Hooter, nor do they raise a question of the whether there is a reason to justify a delay in entering a final judgment.

In determining whether there is just reason for delay, the Court must weigh "the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other."[23] Ms. Hooter requests the entry of final judgment so that time for the Plaintiff to appeal her dismissal from the suit can begin. Ms. Hooter does not want to wait for Plaintiff's claims against the remaining defendants to be resolved before her dismissal from the suit becomes final.[24] Plaintiff does not make an argument that the Court's entry of judgment pursuant to Rule 54(b) would prejudice him in any way, nor does he assert that he would suffer an inconvenience in the Court's entry of judgment.

---

[19] R. Doc. 61, p.6.
[20] *See Kelly v. Lee's Old Fashioned Hamburgers, Inc.*, 908 F.2d 1218, 1220 (5th Cir. 1990) ("If the language of the order … reflects the district court's unmistakable intent to enter a partial final judgment under Rule 54(b), nothing else is required to make the order appealable.")
[21] R. Doc. 73 at 2.
[22] R. Doc. 73 at 4-5. It appears that Plaintiff is asserting these facts to state a claim against Ms. Hooter. However, he cannot amend his allegations against Ms. Hooter through his opposition to this motion. See *Skinner v. Gautreaux*, 549 F.Supp.3d 493, 499 (M.D. La. 2021).
[23] *Rd. Sprinkler Fitters Local Union v. Cont'l Sprinkler Co.*, 338 U.S. 507, 511 (5th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)).
[24] R. Doc. 69-2, p.4.

The Court finds that entering a final judgment for Ms. Hooter would not result in piecemeal litigation, as the ruling dismissing the claims against her does not implicate or rely on any of the Plaintiff's claims against the other defendants. Without any inconvenience to the parties or risk of piecemeal litigation, there is no reason to delay the Court's entry of judgment.

**III.**     Conclusion

For all the foregoing reasons, Ms. Hooter's motion for entry of a final judgment under Rule 54(b) (R. Doc. 69) is **GRANTED**. A Judgment consistent with this Ruling will be issued accordingly.

**THUS DONE AND SIGNED** in Chambers this 7th day of March, 2025.

*[Signature: Jerry Edwards, Jr.]*

**JUDGE JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT COURT**