UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **ROBERT F BRUCE** | **CASE NO. 1:23-CV-01110** |
| **VERSUS** | **JUDGE EDWARDS** |
| **ACA RESIDENTIAL LLC ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

### MEMORANDUM RULING

Before the Court is a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim[1] filed by defendants ACA Residential, LLC, Joy Till, Michael Franklin, Spencer Gardner, and Old Republic Insurance Company (collectively, "Defendants"). Plaintiff Robert Bruce ("Plaintiff" or "Bruce") opposes the motion.[2] For the reasons stated below, the instant motion to dismiss is **GRANTED**.

### I.   FACTS

Plaintiff brought the instant suit against Joy Till ("Till"), Michael Franklin ("Franklin"), and Spencer Gardner ("Gardner") alleging trespass and damage to his property. He also claims that Franklin threatened him with bodily harm. Plaintiff asserts liability against ACA Residential, LLC ("ACA") as the employer of Till, Franklin, and Gardner. Old Republic Insurance Company is ACA's insurer.[3] He allegedly suffered injuries to his eyes and heart, emotional stress, and violations of his rights under the Americans with Disabilities Act ("ADA") as well as his rights under the First, Fourth, Sixth, Seventh, and Fourteenth Amendments of the United States Constitution.[4]

---

[1] R. Doc. 75. Defendants filed a supplemental memorandum in support of their motion at R. Doc. 77.
[2] R. Doc. 79.
[3] R. Docs. 1, 25, 40 and 48. He also named the Ninth Judicial District Court and the Rapides Parish Clerk of Court, Robin Hooter, as defendants based on allegations unrelated to the parties subject to the instant motion.
[4] R. Doc. 1. *See also* 42 U.S.C. § 12112(a).

The Magistrate Judge conducted an independent jurisdictional review of this case and determined that Plaintiff had failed to allege "how his rights under the ADA or § 1983 were violated."[5] The Magistrate Judge explained further:

> Bruce has not alleged or shown that ACA, Franklin, Till, Gardner or Old Republic Insurance are state actors. He has not asserted any facts to show specifically how each named Defendant discriminated against him due to a disability, or violated his constitutional rights. Nor has he asserted how his injuries were caused by discrimination or a constitutional violation.[6]

Plaintiff was ordered to amend his complaint to demonstrate the basis for the Court's subject matter jurisdiction and the factual basis for his claims against each defendant.[7] In response to the Magistrate Judge's Order, Plaintiff asserted the following facts against Defendants.[8]

Bruce was seventy-three years old at the time of the incident giving rise to this suit. He has survived a quadruple bypass, suffers from severe glaucoma and has back problems.[9] Bruce's property is posted against trespassing. On the morning of December 30, 2022, without permission, Gardner drove his ACA company truck onto Bruce's property making ruts (tracks in the ground) and damaging Bruce's water well. The ACA truck became stuck on Bruce's property and efforts to move it created more ruts. Franklin came to assist Gardner in moving the ACA truck. They tied the truck to a tree on Bruce's property, which caused damage to the tree. Bruce asked them both to leave his property, which prompted Franklin to threaten to "beat Bruce's ass."[10] On June 20, 2023, ACA through its employees Franklin and Till "tried to extort" Bruce by filing suit against him in the Justice of the Peace Court.[11]

---

[5] R. Doc. 72, p. 4.
[6] R. Doc. 72, p. 4-5.
[7] R. Doc. 72, p. 5.
[8] Plaintiff's response included allegations against other defendants not joining in this motion and those allegations will not be reproduced here.
[9] R. Doc. 74, p. 5; R. Doc. 80 at 4.
[10] R. Doc. 74, p. 5.
[11] R. Doc. 80, p. 7.

Defendants ACA, its insurer Old Republic Insurance Company, and ACA employees Till, Franklin, and Gardner have jointly filed the instant motion to dismiss asserting that "Plaintiff's complaint raises no issue of federal law."[12] Plaintiff opposes the motion; however, his opposition does not address his claims against the instant Defendants. Instead, he discusses his claims against Robin Hooter, the Rapides Parish Clerk of Court, who has been dismissed, and the Ninth Judicial District Court for Rapides Parish. In the interest of justice, the Court will construe Plaintiff's response to the Magistrate Judge's Order to be his "best case" against Defendants and consider it against the instant motion.[13]

## II.    LAW AND ANALYSIS

Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved, or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.[14] Here, jurisdiction is invoked based on a question concerning federal law and not diversity of citizenship; specifically, the question is whether Plaintiff's rights under the ADA and the United States Constitution were violated by Defendants. "In general, questions concerning federal question jurisdiction are resolved by application of the 'well-pleaded complaint' rule."[15] "If, on its face, the plaintiff's complaint raises no issue of federal law, federal question jurisdiction is lacking."[16] Put simply, taking Plaintiff's alleged facts as true, federal subject matter jurisdiction does not exist in this suit.

---

[12] R. Doc. 75, p. 3.
[13] It is appropriate to grant a Rule 12(b)(6) motion when the plaintiff has had an opportunity to plead his best case. *See Bosarge v. Mississippi Bureau of Narcotics,* 796 F.3d 435, 443 (5th Cir. 2015). Here, accepting Bruce's response to the Magistrate Judge's Order in response to the instant motion would constitute his fourth amended complaint. He actually filed two responses to the Order, the second response could be considered his fifth amended complaint.
[14] *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005) (citing 28 U.S.C. §§ 1331, 1332).
[15] *Hart v. Bayer Corp.*, 199 F.3d 239, 243 (5th Cir. 2000) (*citing Louisville & Nashville Railroad Company v. Mottley*, 211 U.S. 149, 152–53 (1908)).
[16] *Hart*, 199 F.3d at 243 (*citing Franchise Tax Board of State of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983)).

The ADA provides a cause of action to redress discrimination in three contexts: employment, public services and public accommodations.[17] This is not an employment case, and this is not a case about public accommodations.[18] This leaves Plaintiff to assert that Defendants violated his rights under the ADA pertaining to public services. To sustain such a claim, Plaintiff would need to allege that Defendants qualify as a "public entity" within the meaning of the ADA.[19] He failed to do so. Defendants are private citizens, their private employer and the employer's insurer – none of whom fall within the scope of the ADA.

As to Plaintiff's constitutional claims, the Magistrate Judge succinctly pointed out that Bruce "has not alleged or shown that ACA, Franklin, Till, Gardner, or Old Republic Insurance are state actors."[20] This is necessary, as the Magistrate Judge explained, because "[a] plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law. … 'Purely private conduct, no matter how wrongful, is not within the protective orbit of § 1983.'"[21] Bruce did not remedy this deficiency in his response to the Magistrate Judge's Order. Plaintiff's assertions that ACA employees trespassed onto his property, damaged his property, and threatened him with physical violence, are not enough to establish a constitutional claim.

---

[17] 42 U.S.C. §§ 12112, 12132, 12182.
[18] Plaintiff's allegations against Defendants pertain to events that occurred on his property.
[19] With respect to public services, the ADA provides: "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of **a public entity**, or be subjected to discrimination **by any such entity.**" 42 U.S.C. § 12132 (emphasis added). Relevant here, a "public entity" means state or local government, or an instrumentality thereof. 42 U.S.C § 12131(1).
[20] R. Doc. 72, p. 4-5.
[21] R. Doc. 72, p. 4-5 citing *Lugar v. Edmondson Oil Co., Inc.* 457 U.S. 922, 930 (1982) and quoting *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948). 42 U.S.C. §1983 is the vehicle by which a person may seek redress for the violation of a constitutional right. *Yarbrough v. Swift,* 2019 WL 5693008, at *4 (E.D. La. 2019). Section 1983 "establishes a cause of action against anyone who 'under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.' … "Private individuals generally are not considered to act under color of law, but private action may be deemed state action when the defendant's conduct is fairly attributable to the State." *Id.*

### III. CONCLUSION

For the foregoing reasons, the Court lacks federal subject matter jurisdiction for Plaintiff's claims against Defendants. Accordingly, Defendants' motion to dismiss for lack of subject matter jurisdiction and failure to state a claim (Doc. 75) is hereby **GRANTED**. A judgment consistent with this ruling will be issued accordingly.

**THUS DONE AND SIGNED** in Chambers this 10th day of March, 2025.

**JUDGE JERRY EDWARDS, JR.
UNITED STATES DISTRICT COURT**